
FILED
NOV 16 2017
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff and Respondent,<br><br>vs.<br><br>FERNANDO MEDINA,<br><br>Defendant and Movant. | Cause No. CR 13-112-BLG-SPW<br>CV 17-064-BLG-SPW<br><br>ORDER |

Two motions are before the Court. The first is Medina's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 51). The second is Medina's motion for a recommendation that he be placed at a Residential Reentry Center ("RRC") for a year before he is released (Doc. 53).

In reviewing Medina's motions, the Court has refreshed its memory by consulting the rough transcript of the sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Medina.

## I. Residential Reentry Center Recommendation

Like many defendants who are working to turn their lives away from addiction and the drug trade, Medina may well benefit from an extended time in an RRC. But he has a long history of violating conditions of release. *See* Presentence

1

Report ¶¶ 45-46. Possibly Medina's history means he would benefit more from a lengthy stay in an RRC, or possibly it means the opposite. The Bureau of Prisons has more recent information about Medina, knowledge of its own facilities and availability, and the institutional expertise to decide the best placement. The Court will defer to the Bureau and will not make a recommendation one way or the other.

## II. Motion Under 28 U.S.C. § 2255

Medina's motion under 28 U.S.C. § 2255 asks the Court to remove the two-point enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). *See* Presentence Report ¶ 32. He explains that he does not ask the Court to follow out the consequences of removing the enhancement by reducing the advisory guideline range or imposing a lesser sentence. He simply wants the enhancement omitted so that the Bureau of Prisons will consider him eligible for a one-year sentence reduction if he completes the Residential Drug Abuse Prevention program ("RDAP"). *See* Mot. § 2255 (Doc. 51) at 8; *see also* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55(b)(5)(ii).

The Director of the Bureau of Prisons has the discretion to decide whether Medina is eligible for early release, including the discretion to decide that anyone whose offense involved possession of a firearm should not be eligible. *See Lopez v. Davis*, 531 U.S. 230, 241, 243-44 (2001); 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55(b)(5)(ii) (May 26, 2016). Because Congress vested that discretion with the

2

Director of the BOP, it is not this Court's role to alter a presentence report to influence the Director's decision. The fact is that Medina possessed a firearm, and a stolen one at that. *See* Presentence Report ¶¶ 20-21. It is not possible to state, with integrity, that he did not.

To support his motion, Medina cites *United States v. Fraley*, No. CR 05-188-KSF, 2007 WL 1876455 (E.D. Ky. June 27, 2007). There, however, the parties and the Court all agreed at the original sentencing hearing—mistakenly, as it turned out—that Fraley would be eligible for early release when she completed drug treatment. Early release was specifically discussed and specifically intended. *See Fraley*, 2007 WL 1876455 at *3-*4. The subsequent amendment of the presentence report reflected and carried out the parties' and the Court's intent at the time of sentencing.

That is not the case here. At Medina's sentencing hearing, the parties and the Court all agreed that Medina needed intensive drug treatment. The Court recommended he be allowed to participate in the RDAP program. *See* Judgment (Doc. 48) at 2. But the purpose of the recommendation was treatment. The prospect of early release was not a factor. Moreover, 70 months was the prison term the Court found "sufficient, but not greater than necessary," to meet the objectives of 18 U.S.C. § 3553(a)(2). If early release had been contemplated, Medina might not have received a sentence at the bottom end of the advisory

3

guideline range to begin with.

Finally, a § 2255 motion provides federal prisoners with an opportunity to demonstrate that their sentences or convictions violate the Constitution or laws, were imposed without jurisdiction, exceeded the maximum authorized by law, or are otherwise subject to collateral attack—in other words, that their sentences or convictions are not lawful. *See* 28 U.S.C. § 2255(a). *Hickerson v. Willingham*, No. 3:06-cv-777 (CFD), 2006 WL 3422186 (D. Conn. Nov. 28, 2006), *cited in* Mot. § 2255 at 8, pointed this out when it said, "To the extent that Hickerson is arguing that *her sentence was improper* . . . this claim must be raised in a section 2255 motion." *Id.* at *3 (emphasis added). The record of the case does not support an inference that there was anything unlawful about the firearm enhancement, the presentence report, or the Bureau of Prisons' eligibility criteria for early release. Medina's case is not like *Fraley* but is like *United States v. Tenorio*, No. 11-cr-375-CMA, 2016 WL 6809179 (D. Colo. Oct. 6, 2016): "He has failed to demonstrate that he is entitled to [the requested] relief under 28 U.S.C. § 2255." *Id.* at *3.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

4

2253(c)(2). Medina's request to alter his presentence report neither alleges nor supports an inference that he was deprived of a constitutional right. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing, held on March 5, 2015, is required to decide the issues presented by Medina.

2. The United States shall immediately order the transcript of the hearing for the Court's file and also a copy to be delivered to Fernando Medina, BOP # 67741-112, FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952.

3. Medina's request for a recommendation that he be placed in a Residential Reentry Center (Doc. 53) is DENIED. The Court makes no recommendation for or against such placement.

4. Medina's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 51) is DENIED.

5. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Medina files a Notice of Appeal.

6. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-64-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Medina.

DATED this 16th day of November, 2017.

Susan P. Watters
United States District Court